IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| V. | § § | |
| JEFFERY BURNS, | § § | No. 3:09-cr-45-L |
| Defendant, | § § § | |
| AND | § § | |
| BILL K. HYMES, ET AL., | § § § | |
| Garnishees. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Jeffery Burns has filed a Claim for Exemptions and Request for Hearing [Dkt. No. 35] ("Defendant's Claim for Exemptions"). Plaintiff United States of America filed a Response [Dkt. No. 40] opposing Defendant's Claim for Exemptions.

District Judge Sam A. Lindsay referred Defendant's Claim for Exemptions and/or Request for Hearing to the undersigned magistrate judge under 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 38. The undersigned granted Defendant's request for a hearing, *see* Dkt. No. 39, and a hearing was held on May 19, 2014, *see* Dkt. No. 41.

For the reasons set forth below, Defendant's Claim for Exemptions [Dkt. No. 35] should be DENIED.

**Background**

Defendant pleaded guilty to conspiracy to commit wire fraud, a violation of 18 U.S.C. 371 (18 U.S.C. § 1343), and was ordered to pay mandatory restitution in the total amount of $802,305.48. *See* Dkt. No. 28 at 4-5 of 9.

From the representations made at the May 19 hearing by Plaintiff's counsel and Defendant, it appears that Defendant pays his restitution in monthly installments. In addition to requiring monthly payments from Defendant, Plaintiff applied for and caused to be issued writs of garnishment to Edward D. Jones & Co., L.P. ("Edward Jones"), which holds an IRA as custodian for Defendant, and Bill K. Hymes, an individual who rents a house from Defendant. *See* Dkt. Nos. 31, 32, 33, and 34.

Neither party has sought relief with respect to Defendant's monthly payment to Plaintiff, and Defendant has not claimed an exemption with respect to the IRA held by Edward Jones.

The only issue before the Court is whether Plaintiff is entitled to garnish the rent payments made by Mr. Hymes to Defendant. *See* Dkt. No. 35.

In his Claim for Exemptions, and at the May 19 hearing, Defendant represented that Mr. Hymes rents a house from Defendant, that Defendant then uses the rent to pay the mortgage company – although Defendant acknowledged at the hearing that Mr. Hymes pays Defendant a rental amount that is $140.00 more per month than the required monthly mortgage payment. Defendant stated that, should Plaintiff garnish Mr. Hymes's rent payments, Defendant would be unable to pay the mortgage and the bank would foreclose on the property.

In its Response, and at the hearing, Plaintiff asserted that the rent payments are not exempt and that Plaintiff is entitled to garnish them.

## Legal Standards

The United States may enforce a judgment imposing a criminal fine or restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) & (f).

One such procedure is a writ of garnishment under the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3205. The FDCPA provides, in pertinent part:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody or control of a person other than the debtor, in order to satisfy the judgment against the debtor.

28 U.S.C. § 3205(a).

But certain property is exempt from garnishment. Exempted property includes "property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10) and (12) of the Internal Revenue Code of 1986." 18 U.S.C. § 3613(a)(1). But 18 U.S.C. § 3613 excludes the exemption set forth in Section 6334(a)(13) of the Internal Revenue Code, which exempts residences. *See* 18 U.S.C. § 3613(a)(1); *see also United States v. Jaffee*, 417 F.3d 259, 265 (2d Cir. 2005).

The party filing an objection has the burden of proving the grounds for any exemption. *See* 28 U.S.C. § 3205(c)(5); *United States v. Sharlow*, No. 3-9-cv-2238-F, 2010 WL 1779646, at *2 (N.D. Tex. Mar. 26, 2010), *rec adopted* 2010 WL 1779645 (N.D. Tex. Apr. 29, 2010).

## Analysis

In general, paid rent is not exempt from garnishment, *see United States v. Woods*, No. 5:05-cr-00131, 2010 WL 2510083 (E.D.N.C. Apr. 9, 2010), regardless of whether the rent received goes directly to the mortgage company, *see United States v. Petal*, 444 F. App'x 737 (5th Cir. 2011) (rent not exempt where renter made payments to Defendant, who in turn sent the payments to the bank as required by the mortgage documents).

In *Petal*, the United States Court of Appeals for the Fifth Circuit affirmed the district court's entry of a final disposition order of garnishment under nearly identical circumstances. Specifically, the Fifth Circuit determined that the rent payments received by an incarcerated defendant, which were then paid directly to the bank as required by the terms of his mortgage, were properly subject to garnishment. *See Petal*, 444 F. App'x at 741.

Defendant does not explicitly object to the garnishment of rent payments based on a homestead exemption. And Defendant acknowledged at the hearing that he has not resided in the property since a time prior to his incarceration. But the undesigned notes that courts have signaled that the Mandatory Victims Restitution Act ("MVRA") preempts any state laws protecting the homestead. *See United States v. Hyde*, 497 F.3d 103, 108 (1st Cir. 2007) (holding that neither state law nor the Bankruptcy Code "restricts the reach of the MVRA's clear language"); *United States v. Lampien*, 89 F.3d 1316, 1321 (7th Cir. 1996) ("[I]f the Wisconsin homestead exemption applies to ... prevent any part of the proceeds from the sale of her home from being used to satisfy

her restitution obligation, the homestead exemption is void under the Supremacy Clause.") (vacated on other grounds); *United States v. Schippers*, No. 4:12-mj-135, 2013 WL 5998236 (S.D. Iowa Nov. 1, 2013).

Because no exemption applies to Plaintiff's garnishment of rent payments to Defendant, Defendant's Claim for Exemptions should be denied.

## Recommendation

Defendant Jeffery Burns's Claim for Exemptions [Dkt. No. 35] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 21, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE